IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> 1750 New York Avenue, N.W. ) <br> Washington, DC 20006-5387 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FRONTENAC PAINTING, INC. ) <br> a/k/a Frontenac Painting ) <br> 4427 Geraldine Avenue ) <br> St. Louis, MO  63115 ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, by undersigned counsel, complains about Defendant as follows:

### JURISDICTION

1.　This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132 and 1145.

2.　A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

### VENUE

3.　Venue lies in the District of Columbia under 29 U.S.C. §§185(a) or 1132(e)(2).

### PARTIES

4.　Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund"

172150-1

or "Pension Fund"), is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee benefit [pension] plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3). The Fund maintains its principal place of business and is administered from an office located at the address in the caption of this Complaint.

5.  Defendant, Frontenac Painting, Inc. a/k/a Frontenac Painting ("Defendant") is a Missouri corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

6.  At all times relevant to this action, Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union").

7.  Defendant signed or agreed to abide by the terms of the agreement and declaration of trust of the Fund ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations and the Pension Fund's rules and regulations as set forth in the International Painters and Allied Trades Industry Pension Plan ("Plan"). A true and correct copy of the Trust Agreement is attached as Exhibit 1 and incorporated by reference. A true and correct copy of §§10.07, 10.11, 10.12 of the Plan is attached as Exhibit 2 and incorporated by reference.

8.  Under the Labor Contracts, Trust Agreement and Plan, Defendant agreed:

(a) To make full and timely payment on a monthly basis to the Fund, as required by the Labor Contracts, Trust Agreement and Plan. Ex. 1, pp.15-16 (Art.VI, §2); Ex. 2, §10.07.

(b) To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, p.16 (Art.VI, §§3,5).

(c) To produce, upon request by the Fund, all books and records deemed necessary to conduct an audit of Defendant's records concerning their obligations to the Fund and to pay the cost of the audit if found to be delinquent or in violation of the Plan. Ex. 1, pp.16-17 (Art.VI, §6).

(d) To pay liquidated damages, late charges, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Fund to collect any amounts due as a consequence of Defendant's failure to comply with their contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 1, p. 16-17 (Art.VI, §§4,6); Ex. 2, §§10.07, 10.12.

9.  Defendant also agreed to make full and timely payments on a monthly basis to the Political Action Together – Legislative and Educational Committee ("PATLEC"), Political Action Together – Political Committee ("PATPC"), International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("Apprenticeship Fund") and The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") (the LMCI, PATLEC, PATPC and Apprenticeship Fund are jointly referred to as "Ancillary Funds") as required by

the Labor Contracts and Trust Agreements of the Ancillary Funds.

10. The Pension Fund is the authorized collection agent for the Ancillary Funds. The Pension Fund and Ancillary Funds are, hereinafter, jointly referred to as "Funds".

### COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PENSION FUND

v.

### DEFENDANT

11. The allegations of Paragraphs 1 through 10 are incorporated by reference as if fully restated.

12. On information and belief, Defendant has failed to pay to the Funds amounts due under the Labor Contracts, Trust Agreements, and Plan from November 1, 2003 through September 28, 2006, in at least the sum of $13,283.41 based upon information presently available to the Funds.

13. Despite request(s) for payment, Defendant has not paid the Pension Fund as required by the Labor Contracts, Trust Agreements, the Plan and applicable law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(a) Enter judgment against Defendant in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the sum of $13,283.41 plus any additional amounts which may become due during the pendency of this lawsuit together with late charges, liquidated damages, interest and costs, and reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contracts, Trust

173007-1                                          4

Agreements and Plan.

  (b) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### PENSION FUND

### v.

### DEFENDANT

  14. The allegations of Paragraphs 1 through 13 are incorporated by reference as if fully restated.

  15. Defendant has failed to pay the Funds amounts due under the Labor Contract, Trust Agreements, Plan and applicable law in at least the sum of $13,283.41 based upon information currently available to the Funds.

  16. Defendant has failed to make payments despite the Funds' requests for payment.

  17. The Funds have been damaged by Defendant's violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

  (a) Enter judgment against Defendant in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the sum of $13,283.41, plus any additional amounts which may become due during the pendency of this lawsuit, together with late charges, liquidated damages, interest and costs, including the cost of any audit, and reasonable attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements, Plan and applicable law.

(b)     Grant such other relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

### PENSION FUND

### v.

### DEFENDANT

18.     The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

19.     The amount of contributions Defendant is required to pay to the Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

20.     The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendant's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of Defendant.

21.     Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

22.     On or about June 23, 2005, the Funds completed an audit of the Company's payroll books and related records covering the period November 1, 2003 through March 31, 2005. This audit revealed a consistent pattern of underpayment of contributions and underreporting of contribution amounts owed by Defendant.

23.     No audit has been performed for the period April 2005 through the present.

However, based on the previous audit, there is a strong likelihood that the pattern of underpayment and underreporting has continued.

24.    Defendant is required by the Labor Contracts, Trust Agreements and applicable law to permit the Fund to audit its records, to cooperate in determining the contributions due the Fund and to pay the cost of the audit if found to be delinquent.

25.    The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the breach requires an audit.

26.    All conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(a)    Enjoin Defendant, its officers, agents, servants, employees, attorneys and all others in active concert or participation with it to permit an audit of all records under the actual or constructive control of Defendant and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(b)    Order Defendant to pay for an audit by a Certified Public Accountant chosen by the Pension Fund.

(c)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## **COUNT VI - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT**

### PENSION FUND

### v.

### DEFENDANT

27. The allegations of Paragraphs 1 through 26 are incorporated by reference as if fully restated.

28. On information and belief, Defendant has failed to make contributions to the Funds as required by the Labor Contracts, the Trust Agreements and Plan in a period not barred by any applicable statute of limitations or similar bar.

29. On information and belief, the Funds have been damaged by the failure of Defendant to make contributions as required by the Labor Contracts, the Trust Agreements, Plan and applicable law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(a) After an audit, enter judgment against Defendant, and in favor of the Fund, for itself and on behalf of the Ancillary Funds, for the amount of contributions found due and owing by an audit together with late charges, liquidated damages, interest and costs, including the cost of the audit, and reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements, Plan and applicable law.

(b) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V- CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PENSION FUND

### v.

### DEFENDANT

30.     The allegations of Paragraphs 1 through 29 are incorporated by reference as if fully restated.

31.     Defendant has failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

32.     The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendant's delinquency since the books, records and information necessary to determine this liability are in the possession, custody, control or knowledge of Defendant.

33.     On information and belief, the Funds have been damaged by Defendant's violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(a)     After an audit, enter judgment against Defendant and in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for the contributions found due and owing by the audit, together with late charges, interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs

incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. §1132(g)(2).

   (b) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - INJUNCTION

### PENSION FUND

### v.

### DEFENDANT

  34. The allegations of Paragraphs 1 through 33 are incorporated by reference as if fully restated.

  35. A money judgment or other remedy available at law is inadequate because Defendant has shown its disregard of its contractual and legal obligations by a consistent pattern of delinquencies or late payment of contributions.

  36. Unless ordered to do otherwise by this Court, Defendant will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will be irreparably damaged.

  37. All other conditions precedent to equitable relief have been satisfied.

  WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

   (a) Permanently restrain and enjoin Defendant, its officers, agents, servants, employees, attorneys and all others in active concert or participation with it from continuing to violate the terms of the current collective bargaining agreement(s) between Defendant and the

173007-1          10

providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as Defendant is contractually-required to do so.

   (b) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

              Respectfully submitted,

              JENNINGS SIGMOND, P.C.

         BY: _____
              KENT CPREK Bar No. 478231
              SANFORD G. ROSENTHAL Bar No. 478737
              The Penn Mutual Towers, 16th Floor
              510 Walnut Street
              Philadelphia, PA 19106-3683
              (215) 351-0611/0615

Date: 11/10/06        Attorneys for the Fund

OF COUNSEL:
ELIZABETH A. COLEMAN, Esquire
JENNINGS SIGMOND, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 351-0644